IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JEFFREY WALDROP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO.: |
| GOLDEN COASTLINE LOGISTICS, MANUEL PONCE, Individually and d/b/a/ GOLDEN COASTLINE LOGISTICS, and CAROLINA CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff in the above-styled action and hereby files his Complaint as follows:

1.

Plaintiff Jeffrey Waldrop is a citizen of the state of Georgia, residing at 219 West Lake View Drive, LaGrange, Ga 30240.

2.

Defendant Golden Coastline Logistics (hereinafter referred to as "Defendant(s)" or "Coastline Logistics") is an unincorporated entity doing business in the State of Georgia. Defendant Coastline Logistics may be served via

its owner, Manuel Ponce, 1706 Gaviota Ave, Long Beach, CA 90813.  Defendant Coastline Logistics' principal place of business is 1706 Gaviota Ave, Long Beach, CA 90813.  Defendant Coastline Logistics is a citizen of the state of California.

3.

Jurisdiction and venue are proper as to Defendant Coastline Logistics.

4.

Defendant Coastline Logistics has been properly served with process in this action.

5.

Defendant Manuel Ponce, individually and d/b/a Coastline Logistics (hereinafter referred to as "Defendant(s)" or "Ponce") may be served at his personal residence, 1706 Gaviota Ave, Long Beach, CA 90813.  Defendant Ponce is a citizen of the state of California.

6.

Jurisdiction and venue are proper as to Defendant Ponce.

7.

Defendant Ponce has been properly served with process in this action.

8.

At the time of the subject collision, Defendant Carolina Casualty Insurance

Company (hereinafter also referred to as "Defendant(s)" or "Carolina Casualty") provided a policy of liability insurance on behalf of Defendants, motor carriers for hire, the same being policy of insurance number CTP 477063.  Said policy was in effect on May 28, 2013.  Defendant Carolina Casualty is subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.  Defendant Carolina Casualty was incorporated in the State of Iowa and has its principle place of business in the State of Florida, and is therefore a citizen of the States of Iowa and Florida.  Service may be made upon Defendant Carolina Casualty's registered agent, Edward Stabell, 2 E. Bryan Street, Suite 1300, Savannah, GA 31401.

9.

Jurisdiction and venue are proper as to Defendant Carolina Casualty.

10.

Defendant Carolina Casualty has been properly served with process in this action.

11.

The amount in controversy in this action exceeds the sum of Seventy-Five Thousand ($75,000.00) dollars, exclusive of the interests and costs.

12.

The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, because there is complete diversity between the parties.

13.

The acts, omissions, and other events forming the basis of Plaintiff's Complaint occurred within the State of Georgia, in Troup County.  The traffic incident occurred in Troup County, Georgia.  Defendants Coastline Logistics and Ponce are non-resident defendants using Georgia public roadways.  Defendant Carolina Casualty's registered agent is in Chatham County, Georgia.  Venue is proper in the Northern District of Georgia, Newnan Division, pursuant to 28 U.S.C. § 1391.

14.

A little before 7:00 a.m. on May 28, 2013, Plaintiff Jeffrey Waldrop was driving westbound on Pegasus Parkway, just west of Westpoint Road in Lagrange, Georgia.  At or about that time, Defendant Ponce was driving Defendants' tractor-trailer southbound on Sewon Boulevard, approaching the intersection with Pegasus Parkway.  Defendant Ponce was required to stop at the stop sign on Sewon Boulevard and required to yield to oncoming traffic before turning onto Pegasus Parkway.  At all times, Jeffrey Waldrop did not have a stop sign and had the right

of way to continue westbound on Pegasus Parkway.

15.

As Jeffrey Waldrop approached Sewon Boulevard, Defendant Ponce negligently failed to stop at the stop sign, failed to yield to oncoming traffic, and negligently entered the intersection and into Plaintiff's path of travel, causing a collision with and injuries to Jeffrey Waldrop.

16.

As a direct and proximate result of Defendants' negligence, Plaintiff Jeffrey Waldrop sustained permanent injuries.

17.

At all times mentioned herein, Plaintiff Jeffrey Waldrop acted with reasonable care under the conditions and circumstances then existing, and was completely free of any negligence in the collision at issue.

18.

Defendants negligence included, but is not limited to, one or more of the following: negligently failing to obey a stop sign (O.C.G.A. § 40-6-72), negligently failing to yield right of way to Plaintiff, negligently causing a collision in the roadway, negligently failing to keep a proper lookout, negligently failing to maintain his vehicle under proper control, negligently failing to use or sound a

signal or warning, negligently failing to make timely and proper application of brakes, and any other acts of negligence that may be proven at trial.

19.

As a result of his collision with Jeffrey Waldrop, Defendant Ponce was charged with violation of O.C.G.A. § 40-6-72, failure to yield at a stop sign. Defendant Ponce pled guilty to this offense and paid a fine.

20.

At the time of the subject incident and all relevant times, Defendant Ponce was acting at the direction and under the control of Defendant Coastline Logistics, was an agent and employee of Defendant Coastline Logistics, operating Defendants' vehicle in the course and scope of his employment with Defendant Coastline Logistics, and with Coastline Logistics' permission. Defendants are jointly and severally liable and Coastline Logistics is liable for the actions of Defendant Ponce under theories of *Respondeat Superior*, vicarious liability, and agency principles.

21.

Defendant Ponce failed to operate Defendants' vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

22.

Defendants' actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

23.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

24.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailer to said management, agents and employees.

26.

Defendants were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

27.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations.

28.

Defendants were and are negligent *per se*.

29.

Defendants were negligent for all other acts of negligence as may be shown at trial.

30.

Plaintiff Jeffrey Waldrop sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

31.

But for the negligence of Defendants, Plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience,

and other injuries and damages as proven at the trial of this matter.

32.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries, likely exceeding $70,000.00, and will continue to incur expenses in the future, in an amount to be proven at trial.

33.

As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor, in an amount to be proven at trial.

34.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.  Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

    a) Personal injuries;

    b) Past, present and future pain and suffering;

    c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Lost wages;

h) Economic losses;

i) Incidental expenses;

j) Loss of earning capacity;

k) Past, present and future medical expenses, likely exceeding $50,000.00;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

35.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of the injuries to Plaintiff. The Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

36.

Pursuant to the terms and conditions of its policy of insurance and applicable

Georgia law, Defendant Carolina Casualty Insurance Company is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendant Ponce and Defendant Coastline Logistics.

37.

Plaintiff is entitled to recover punitive damages, from each of the Defendants, because the actions of Defendants and their agents and employees showed an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from each of the Defendants, in accordance with the enlightened conscience of an impartial jury.

38.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiff be awarded all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

d) Plaintiff be awarded a trial by jury; and

e) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 2nd day of December, 2013.

        Respectfully submitted,

        **LAW & MORAN**

        /s/ Matthew B. Stoddard
        Peter A. Law
        Georgia Bar No. 439655
        Matthew B. Stoddard
        Georgia Bar No. 558215
        Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, GA 30308
(404) 814-3700
(404) 842-7710 (Fax)
Pete@lawmoran.com